IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GRINNELL CORPORATION, D/B/A TYCO FLOW CONTROL,<br><br>  Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>LEBRON & ASOCIADOS, INC., et al.,<br><br>  Defendants/Counterclaimant.<br><br>_____<br><br>GRINNELL CORPORATION, D/B/A TYCO FLOW CONTROL,<br><br>  Third Party Plaintiff,<br><br>v.<br><br>ORION ENTERPRISES, INC., D/B/A FLO-SAFE,<br><br>  Third Party Defendant. | CIVIL NO. 08-2077 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Grinnell Corporation, d/b/a Tyco Flow Control – Latin America Division (hereinafter "Tyco"), a corporation organized under the laws of the State of Delaware dedicated to engineering, manufacturing, and installing flow control and heat tracing products for the oil and gas, power, food and beverage, chemical, water, and other process industries holds its principal place of business in Florida.

Defendant, Lebrón & Asociados, Inc. (hereinafter "Lebrón"), a corporation organized under the laws of the Commonwealth of Puerto Rico, with principal place of business

Grinnell Corporation et al., v. Lebrón & Assoc., et al
Civil No. 08-2077 (CVR)
Opinion and Order
Page No. 2

located at Añasco, is dedicated to the construction and development industry. Tyco and Lebrón entered into a contractual relationship in June 2005 in which Tyco was to provide piping materials to be manufactured by the predecessor in interest of Orion Enterprises Inc., d/b/a Flo-Safe, Inc. (hereafter "Orion"), and related services to Lebrón. The piping materials and services were to be employed in a brewery renovation project Lebrón was performing for Cervecería India at Mayagüez, Puerto Rico.[1]

Plaintiff Tyco filed this diversity action claiming from defendant Lebrón through its fault, actions or omissions, prevented Tyco from meeting the contracted shipment schedule and, thus, a breach of the contract ensued. Tyco further alleges Lebrón has refused to fully pay Tyco the contracted price alleging the materials were not received at the dates originally agreed for which plaintiff Tyco submits Lebrón owes at least two hundred forty thousand dollars ($240,000.00), plus interest. (Complaint, Docket No. 1).

Lebrón subsequently filed a Counterclaim against plaintiff Tyco claiming that, upon the contract between plaintiff and defendant executed on June 9, 2005 for the amount of $314,019.28, Tyco was made aware of a delivery schedule for all materials for June and July 2005, and it failed to comply with same. Lebrón also submits Tyco did not comply with providing piping materials in compliance with the provided plans and specifications. Lebrón claimed the delays in the delivery of the materials caused Lebrón delays and penalties imposed by the owner of the Project for which it has filed a counterclaim against

---

[1] Lebrón was contracted as the general contractor of the Cervecería India Modernization Project ("the project"). Within the scope of said project was the construction of a pipe rack, a water tank base, a concentrate building, a refrigeration building and a tank farm, water treatment building, the filtration building, and site work.

Tyco, also including damages upon sections of the pipe system never being delivered and others were fabricated incorrectly, causing more delays, penalties and costs, for which the counterclaim submits plaintiff Tyco is responsible to Lebrón for the entire amount of eight hundred and five thousand dollars ($805,000.00) plus legal interest over the amount. (Counterclaim, Docket No. 20; Amended Counterclaim, Docket No. 27).

Upon Lebrón's filing of the above mentioned Counterclaim for breach of contract and damages on account of delays in delivery of the piping materials for the project, Tyco then filed a Third-Party Complaint against Orion. Tyco submits that, in the event it becomes liable to Lebrón, said third-party defendant Orion would in turn be liable for any amount adjudicated for it is to be held accountable for the delays and/or resulting breach as to delivery of materials it had sub-contracted for Lebrón. In essence, plaintiff Tyco's Third Party Complaint against Orion, with whom it had subcontracted to supply all piping materials, would make Orion liable on the assumption the materials were to be installed at the project by Lebrón and it had assumed all the contractual obligations as to these which were to be provided according to the specifications and stipulated delivery date. As such, all the breach claimed by Lebrón in the Counterclaim insofar as plaintiff Tyco, if proven true, would be the entire responsibility of Orion. (Amended Third Party Complaint, Docket No. 30).

On the above described scenario, third-party defendant Orion filed a Motion for Summary Judgment as to the Third Party Complaint contending it already entertained a dispute over payment related to goods purchased by Tyco from Orion for use in the Project,

as to which Tyco had a contract with Lebrón. Orion sued Tyco for payment upon which Tyco and Orion entered into an offer of judgment and stipulated dismissal of said suit. Both parties executed full general releases of all claims related to the Project and Tyco paid the agreed settlement amount, and no rights by Orion or Tyco to pursue any action against each other related to the project were preserved. (Docket No. 135).

We now entertain Orion's pending Motion for Summary Judgment as to the Third-Party Complaint filed by Tyco. (Docket No. 135; Objection No. 170).[2]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." See Federal Rule of Civil Procedure 56(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting any facts that demonstrate a genuine issue for trial. Federal Rule of Civil Procedure 56(e); LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993). The non-movant must do more than show "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986). An issue is

---

[2] Plaintiff Tyco's Motion to Dismiss Counterclaim (Docket Nos. 134; Response Nos. 147; 171 ) and its Amended Motion for Summary Judgment as to the Complaint filed against Lebrón, regarding the amounts owed, will be disposed in a separate Opinion and Order. (Docket No. 141, re: No. 136; Response Nos. 154 and 172). Meanwhile, plaintiff's previous Motion for Summary Judgment (Docket No. 136; Response No. 149) is considered substituted by the Amended Motion for Summary Judgment for which it is to be considered moot.

genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252, 106 S.Ct. at 2512. Local Rule 56(e) and case law require a non-movant party to a summary judgment to oppose the summary judgment motion with its opposition and other documents setting forth or evidencing facts on which the objection is based. *See* Cosme-Rosado v. Serrano-Rodríguez, 360 F.3d 42, 43-44 (1st Cir. 2004).

Even if movant's motion is deemed as unopposed, summary judgment is not granted in a vacuum. Opposed or not, summary judgment can only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see* Fed.R.Civ.P. 56(e). Carmona v. Toledo, 215 F.3d 124, 134 (1st Cir. 2000) (if adverse party fails to respond, "summary judgment, if appropriate, shall be entered").

## UNCONTESTED FACTS

**A. ORION'S UNCONTESTED FACTS:**

The following issues are uncontested and relevant to the discussion below insofar as Orion's averment that Tyco has already waived and settled in a previous action the issues it now attempts to relitigate as raised in the Third-Party Complaint that Tyco filed against Orion, for which *res judicata* principles apply.

**1. Florida-Dade County claim.**

Upon Tyco's failure to pay Orion for the last shipment of pipes it had delivered to Lebrón for the project at issue, due to alleged delay in delivery and claims by Lebrón regarding breach and dispute for damages, Orion filed on January 12, 2007 an action for collection of monies in Miami-Dade County, Florida to secure payment of $216,882.00. (Orion's Uncontested ¶ 10). Among the defenses therein raised by Tyco was the breach of the agreement related to delivery of the orders for the pipes and fittings sold by Tyco to Lebrón as to the Project. Tyco also raised, besides breach to perform obligations, Orion's failure to bring Lebrón as an indispensable party. No compulsory counterclaim for the damages allegedly caused by Orion's non-compliance was therein raised. (Orion's Uncontested ¶¶ 11-14).

After discovery, while Tyco was fully aware of issues raised in regards to the Project and claims as to the manufacturing material of the pipes supplied, delayed delivery and others reasons for Lebrón's non-payment to Tyco, Tyco made a settlement proposal to Orion on October 16, 2007 and made an offer of judgment in the amount of $189,173.95. (Id. ¶ 20, Exhibit 19). The offer of judgment was accepted and filed with the Florida Court to resolve all claims which are or might have been made in the action including any claims which could be raised directly or indirectly by either party arising out of the incidents of the complaint. (Orion's Uncontested ¶¶ 21-22, Exhibit 21). General and full releases were also exchanged by the parties. (Orion's Uncontested ¶ 23, Exhibit 20).

### 2. Federal Court (Puerto Rico) claim.

On September 19, 2008, Tyco filed the above claim against Lebrón seeking payment for unpaid invoices in regards with the pipes and materials supplied for the project. Upon Lebrón's filing together with its answer to the above complaint, a counterclaim, Tyco then filed a third-party complaint against Orion. Orion's summary disposition states the federal third-party complaint relates to the same issues of the unpaid sub-contracted materials it already settled in the Florida-Dade County case dealing with the breach of contract and is covered by the general releases between the parties. (Amended Third Party Complaint, Docket No. 30).

It is Orion's contention for summary disposition that Tyco's failure to bring a compulsory counterclaim in the Florida Dade-County court, as well as upon having agreed to settle and the waiver of claims as to the events at issue, bars Tyco from bring suit against Orion in this federal court on that same claim.

### B. TYCO'S UNCONTESTED FACTS.

Tyco has opposed above third-party defendant's averment insofar as the results of the Florida-Dade County case and the need for a compulsory counterclaim therein are legal issues and not factual disputes. As such, Tyco is not denying the supporting documentation nor the legal interpretation this Court would exercise in determining whether summary disposition of the matter raised in Orion's motion is warranted. (Amended Statement; Opposing Statement of Material Facts, Docket Nos. 154, 170).

Tyco submits the Florida-Dade County case does not entail a compulsory counterclaim for its third-party complaint herein had not yet accrued, was not viable nor had been vested. The claim should not be then considered viable for the element as to damages was not recoverable to the necessary degree of certainty, but was rather speculative when the Florida-Dade County case was entertained. A perusal of the record shows the offer of settlement offered to Tyco's in the Florida-Dade County court appears filed on October 2007. (Docket No. 135, Exhibit 20). The general release upon settlement is dated November 12, 2007 (Id. Exhibit 21) and dismissal of the Florida-Dade County case was filed on December 2007. (Id., Exhibit 22).

It is Tyco's contention, consonant with above, that it was not until Lebrón filed its counterclaim in this federal action on March 20, 2007, that there was an element of the amount of damages claimed. Thus, at the time the Florida case was subject to an answer, Tyco submits not being in a position to know an action as to damages was ripe to be filed against Orion to raise a counterclaim nor the Florida court had jurisdiction as to Lebrón.

Regarding to the application of *res judicata* claimed by Orion, it is Tyco's contention there is no identity of claims between the Florida case and this federal action.

## LEGAL ANALYSIS

### A. *Res judicata.*

The purpose of *res judicata* is that the full and fair opportunity to litigate protects a party's adversaries from the expense and vexation of attending multiple lawsuits, the conservation of judicial resources and promote reliance on judicial action by minimizing

Grinnell Corporation et al., v. Lebrón & Assoc., et al
Civil No. 08-2077 (CVR)
Opinion and Order
Page No. 9

---

the possibility of inconsistent decisions. Montana v. United States, 440 U.S. 147, 99 S.Ct. 970 (1979).

It is also well established that in deciding the preclusive effect to be given a local judgment in a federal court local law should be used. *See* Migra v. Warren City School District Board of Education, 465 U.S. 75, 81, 104 S.Ct. 892, 896 (1984); Kremer v. Chemical Construction Corp., 456 U.S. 461, 466, 102 S.Ct. 1883, 1889 (1982); Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415 (1980); Capraro v. Tilcon Gammino, Inc., 751 F.2d 56, 58 (1st Cir.1985) (*per curiam*); Fiumara v. Fireman's Fund Insurance Companies, 746 F.2d 87, 91 (1st Cir. 1984); Roy v. City of Augusta, Maine, 712 F.2d 1517, 1520 (1st Cir.1983).

Consonant with above, in opposition to summary judgment submitted by Orion on *res judicata* grounds, Tyco discusses the Florida court's interpretation as to whether the action fulfills *res judicata* effect as claimed by Orion. Still, whether a claim is barred on basis of *res judicata* is a determination of law for which the standard of review on appeal would be *de novo*.

It is undisputed, however, the Florida Dade-County judgment dismissing the action between Tyco and Orion, upon their settlement agreement and the general release signed between the parties, is to be given, under Florida law, the same effect as any judgment in a litigated case.[3] Henceforth, under the full faith and credit due to any court within the United States, its territories and possessions, this federal court oughts to give, it is solely

---

[3] The elements for a litigated case are (1) there be a final judgment on the merits; (2) decision was rendered by a court of competent jurisdiction; (3) parties, or those in privity with them, are identical in both suits; and (4) same cause of action is involved in both cases.

to find if the Florida courts would themselves consider the settlement and general release between the present parties to this federal lawsuit preclusive effect for *res judicata* to take effect. Title 28, United States Court, Section 1738.

Under Florida law for *res judicata* to apply "there must be a concurrence of the following conditions: 1) identity of the thing sued for, 2) identity of the cause of action, 3) identity of the persons and parties to the actions, and 4) identity of the quality or capacity of the person for or against whom the claim is made." ICC Chem. Corp. v. Freeman, 640 So.2d 92, 93 (Fla.Dist.Ct.App. 1994) (*per curiam*) (citation omitted). *Res judicata* applies both to claims actually raised and determined in the prior action, and to claims that *could have been raised* and determined in the prior action. *See* State v. McBride, 848 So.2d 287, 290 (Fla. 2003).

However, under Florida law, *res judicata* is not effective when the claim has not yet accrued at the time of the initial proceedings as the Florida Supreme Court indicated to the certified issue as to a claim which had not yet accrued at the time of arbitration, and finding *res judicata* would not bar future federal action. *See* Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 483 F.3d 1265 (11th Cir. 2007) (certifying to the Florida court question whether prior arbitration where claim should have been brought but had not accrued allowed for *res judicata* application).

Regardless of above interpretation by applicable local court as to the *res judicata* effect, in Shulman v. Liberty Mut. Fire Ins. Co., 2006 WL 952327, the facts underlying the bad faith claim were known to at the time the state contract claim lawsuit and certainly

before having accepted settlement offer and the state court case was dismissed with prejudice, it was determined that it was impermissible for him to split his causes of action under the doctrine of *res judicata*. Saboff v. St. John's River Water Mgmt. Dist., 200 F.3d 1356, 1360 (11th Cir. 2000) (applying Florida law's doctrine of *res judicata* ); *see* Florida Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001) (explaining that the doctrine of *res judicata* "precludes consideration of issues that could have been raised but were not raised in the first case").

Succinctly, and as this federal case is concerned, when either party prevails in an action concerning a transaction, all of plaintiff's possible rights to remedies against the defendant arising out of that transaction are extinguished. *See* Roy v. Jasper Corp., 666 F.2d 714, 717 (1st Cir. 1981) (a non-derivative suit which is separate and by a distinct party is not precluded even it arising out of same incident); *see also* Seabrook v. New Hampshire, 738 F.2d 10 (1st Cir. 1984) (federal court must give state-court judgment same preclusive effect as would be given that judgment under law of state in which judgment was rendered).

The requirement for *res judicata* to apply between the parties herein, Tyco and Orion have been met on occasion of an examination of the nature of the claims raised in the Florida-Dade County claim, the resulting settlement thereof, and the judgment entered dismissing the state claim. The settlement is considered a final judgment on the merits. There is also sufficient identity between the causes of action asserted and between the parties in the former and the present federal suit, for the settlement and the general release, discussed below, entered pursuant to same specifically refer to any and all claims which

may arise from the events settled between Tyco and Orion due to the supply of the materials at issue, including any damages known or that may become known. The parties are also the same in the Miami-Dade county lawsuit and this federal lawsuit insofar as the third-party complaint.[4] As such, it has been shown *res judicata* effect should be given to this federal action as to the third-party complaint filed by Tyco against Orion.

**B. General Releases.**

For the purposes of argument and in the alternative that *res judicata* is considered not to apply to the action between Orion and Tyco, the general releases between the parties serve as collateral estoppel to the federal claims. These releases refer to:

(1) General Release by GRINNELL CORPORATION/TYCO,

"...for and in consideration of the sum of One Dollar and 00/100ths ($1.00) and other valuable considerations, received from or on behalf of ORION FITTINGS, INC., ... hereby remise, release, acquit, satisfy and *forever discharge* the said Second Parties [ORION] , *of and from all, and all manners of action and actions, cause and causes of action, suits*, debts dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, *controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, known or unknown, which said First Parties ever had, now has,* or which any personal representative, successor, heir or assign of said First Parties hereafter can, shall or may have, against said Second Parties, *for, upon or by reason of any matter, cause or thing*

---

[4] *See* FleetBoston Financial Corp. v. Alt, 638 F.3d 70, 79 n.10 (1st Cir. 2011) (citing Pérez v. Volvo Corp., 247 F.3d 303, 311 (1st Cir. 2001); González v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994).

*whatsoever, asserted, or which could have been asserted, in the lawsuit stied*: ... This General Release shall not release First Parties or Second Parties from any claims or causes of action which First Parties or Second Parties may assert now or in the future against Lebron y Asociados, Inc. arising out of the same or different facts or circumstances alleged or asserted, or which could have been alleged or asserted, in the above referenced lawsuit.

First Parties represents that *they have been represented by counsel throughout the course of negotiations for the execution of this Release.*

*This release is absolute and unconditional.*" (Emphasis supplied). (Orion's Uncontested, Exhibit 20).

(2) There is a similar and contemporaneous general release between the same parties insofar as Orion releasing Tyco, under the same conditions above, upon payment for consideration of the amount of $189,173.95, as final settlement of the claim. (*Id*.).

Having examined the above general release and their unambiguous wording, it is appropriate to consider that future damages may be released if such is the intent of the parties. Similarly a suit can be barred by earlier settlement of another suit in either of two ways: *res judicata* or release, presenting separate and distinct defenses. Davignon v. Clemmey, 322 F.3d 1, 17 (1st Cir. 2003)(*citing* Nottingham Partners v. Trans-Lux Corp., 925 F.2d 29, 31-32 (1st Cir. 1991)).

The general release between Orion and Tyco which resulted in dismissal of the claim of Orion as to the same supplies and events thereafter in the dealing between Tyco and Lebrón resulted in the settlement in the Florida-Dade County dismissal. The record would

still show that, by the time Tyco was to file its answer in the Florida-Dade County action, it may not have had available, although it could have been generally raised, defenses as to liability of Orion, for it already was aware that Lebrón had issues regarding the payment of the supplies and claims as to late delivery and non-compliance. Thus, by the time the settlement and the general release was issued and filed, there was still a possibility of future claims on grounds of these supplies, as reflected by the parties reserving their right to claim solely as to Lebrón y Asociados, Inc., for the events that transpired upon the merchandise and services which Tyco had sub-contracted to Orion and that was settled between Tyco and Orion in the Florida-Dade County action.

## CONCLUSION

In view of the foregoing, Motion for Summary Judgment as to the third-party complaint is GRANTED. (Docket No. 135). Thus, the third-party complaint filed by Tyco against Orion is to be dismissed. (Docket Nos. 29, 30).[5]

In San Juan, Puerto Rico, this 12th day of July of 2011.

> s/**CAMILLE L. VÉLEZ-RIVE**
> **CAMILLE L. VÉLEZ-RIVE**
> **UNITED STATES MAGISTRATE JUDGE**

---

[5] Pending motions regarding Orion and Tyco, including the request for default entry as to the third-party counterclaim (Docket Nos. 173), and to strike documents (Docket Nos. 174, 179), as well as the counter-claim filed (Docket Nos. 93, 94), will be disposed by separate orders as these become moot upon dismissal of the third-party complaint between Tyco and Orion.