IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GRINNELL CORPORATION, D/B/A TYCO FLOW CONTROL,

Plaintiff/Counterclaim Defendant,

v.

LEBRON & ASOCIADOS, INC., et al.,

Defendants/Counterclaimant.

CIVIL NO. 08-2077 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Above plaintiff Grinnell Corporation, d/b/a Tyco Flow Control – Latin America Division (hereinafter "Tyco"), filed a complaint for collection of monies and breach of contract against defendant Lebrón & Asociados, Inc., (hereinafter "Lebrón"). Tyco and Lebrón had entered into a contractual relationship around June 2005 wherein Tyco was to provide piping materials to be employed in a brewery renovation project Lebrón was performing for Cervecería India at Mayagüez, Puerto Rico.[1]

Tyco filed this diversity action claiming defendant Lebrón through its fault, actions or omissions, prevented Tyco from meeting the contracted shipment schedule and thus caused a breach of their contract. Tyco further alleges Lebrón refused to fully pay Tyco the contracted price by alleging the materials were not received on the dates originally agreed upon. Thus, Tyco submits Lebrón owes it at least two hundred forty thousand dollars ($240,000.00), plus interest. (Complaint, Docket No. 1).

---

[1] Lebrón was contracted as the general contractor of the Cervecería India Modernization Project ("the project"). Within the scope of said project was the construction of a pipe rack, a water tank base, a concentrate building, a refrigeration building and a tank farm, water treatment building, the filtration building, and site work.

Grinnell Corp. v. Lebrón & Asociados, Inc., et al
Civil No. 08-2077 (CVR)
Opinion and Order
Page No. 2

Subsequently Lebrón filed an Amended Counterclaim against Tyco on grounds that, upon the contract between plaintiff Tyco and defendant counter-claimant Lebrón had executed on June 9, 2005 for the amount of $314,019.28, Tyco was made aware of a delivery schedule for all materials for June and July 2005. However, Tyco failed to comply with the schedule. Lebrón submitted Tyco failed in providing piping materials in compliance with the plans and specifications delivered. For this reason, Lebrón claims the delays in the delivery of the materials in turn caused delays and penalties imposed to Lebrón by the owner of the Project. Lebrón's Amended Counterclaim further submits a claim for damages for sections of the pipe system never being delivered and others being fabricated incorrectly, causing more delays, penalties and costs. On these grounds Tyco would be liable to Lebrón for the entire amount of eight hundred and five thousand dollars ($805,000.00), plus legal interest over the amount as requested in the Amended Counterclaim. (Counterclaim, Docket No. 20; Amended Counterclaim, Docket No. 27).[2]

Pending disposition before this Magistrate Judge is plaintiff Tyco's Amended Motion for Summary Judgment in which Tyco requests judgment be entered in its favor as to the complaint for collection of unpaid invoices it filed against Lebrón. It has included with its request an Amended Statement of Uncontested Facts and exhibits in support. (Docket No.

---

[2] Plaintiff's Motion to Dismiss Counterclaim (Docket Nos. 134; Response Nos. 147; 171 ) and a third party complaint it had filed against Orion are been resolved in separate Opinions and Orders. (Docket No. 135).

141).[3] On May 19, 2011, Lebrón filed its Opposition. (Docket No. 149). Tyco then filed a response upon leave of court. (Docket No. 172). These pleadings are now pending disposition.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." See Federal Rule of Civil Procedure 56(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting any facts that demonstrate a genuine issue for trial. Federal Rule of Civil Procedure 56(e); LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993).

A non-movant, as to summary judgment, must do more than show "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986). An issue is genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252, 106 S.Ct. at 2512. Local Rule 56(e) and case law require a non-movant party to a summary

---

[3] Plaintiff's previous Motion for Summary Judgment is considered substituted by the Amended Motion for Summary Judgment. Thus, Docket No. 136 and its Response Docket No. 149 are considered moot.

judgment to oppose the summary judgment motion with its opposition and other documents setting forth or evidencing facts on which the objection is based. *See* Cosme-Rosado v. Serrano-Rodríguez, 360 F.3d 42, 43-44 (1st Cir. 2004).

Even if movant's motion would be deemed as unopposed, summary judgment is not granted in a vacuum. Opposed or not, summary judgment can only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see* Fed.R.Civ.P. 56(e). Carmona v. Toledo, 215 F.3d 124, 134 (1st Cir. 2000) (if adverse party fails to respond, "summary judgment, if appropriate, shall be entered").

## UNCONTESTED FACTS

### A. TYCO'S UNCONTESTED FACTS:

The following issues are deemed uncontested and relevant to the discussion below insofar as Tyco's request for summary disposition of its original complaint against Lebrón for the contracted price of the materials and services provided. It is claimed Lebrón owes Tyco the unpaid amount of $270,428.65, in principal of the contracted price, and is requesting judgment be entered in its favor.

It is uncontested that:

1. Tyco and Lebrón entered into a contractual relationship in June 2005 for the sale by Tyco of piping materials to Lebrón. *Tyco's Uncontested ¶1; Docket No. 20, Lebrón's Answer to Complaint.*

2. The piping materials were to be installed in a brewery renovation project Lebrón was performing at the Cervecería India at Mayagüez, Puerto Rico. *Tyco's Uncontested ¶2; Lebrón Answer to Complaint.*

3. The piping materials were scheduled to be delivered in various partial shipments. Products delivered in each partial shipment were to be billed upon shipment, and payment from Lebrón was to be received by Tyco within fifteen (15) days after invoice date. *Tyco's Uncontested ¶3; Exhibit 1, Letter dated August 12, 2005 from Tyco to Lebrón.*

4. A one percent (1%) monthly interest was to be paid by Lebrón on all late payments as indicated in the Invoices from Tyco to Lebrón. *Tyco's Uncontested ¶4; Exhibit 2, Invoice dated July 12, 2005 from Tyco to Lebrón.*

5. Piping materials and services contracted were delivered to Lebrón. By the end of February 2006, all the piping materials had been installed. *Tyco's Uncontested ¶5; Exhibit 3, Edgardo Lebrón's depo. p. 119.*

6. Lebrón has not fully paid Tyco the contracted price for the materials and services provided. Lebrón still owes Tyco $270,428.65 in principal of the contracted price. *Tyco's Uncontested ¶6; Exhibit 4, List of Outstanding Invoices as of May 31st, 2006 prepared by Tyco's Account Receivables Department; Exhibit 5, Unsworn Statement Under Penalty of Perjury.*

On the above uncontested statements Tyco is requesting summary judgment be entered as to the complaint for collection of monies it filed against defendant Lebrón. (Complaint, Docket No. 1).

**B. LEBRON'S UNCONTESTED FACTS.**

Lebrón states there is a controversy of facts as to the total amount of principal owed. Lebrón submits Tyco had initially claimed the "estimated" amount of $240,000.00. In the Motion for Summary Judgment Tyco then asserted being owed the amount of $239,975.54. Meanwhile, in the Amended Motion for Summary Judgment Tyco submitted the amount of $270,428.65. Lebrón's position is the amount of the debt and outstanding payment to Tyco is instead $159,079.80. *Lebrón's Uncontested ¶11(a); Exhibit II, III and IV.*

Lebrón also submits a controversy of fact as to the total amount of interest owed to plaintiff Tyco. In the Amended Motion for Summary Judgment, Tyco alleged the imposition of 1% monthly interest to be paid by Lebrón on all late payments as indicated on a July 12, 2005 invoice. *Tyco's Exhibit 2.* It is Lebrón's position the interests or finance charges were waived by Tyco. *Lebrón's Uncontested ¶2; Exhibits IV and V.*

Lebrón further argues a controversy of fact exists as to the amount of the appropriate set-off. There is a claim for damages by Lebrón, as submitted in the Amended Counterclaim against Tyco. Although Lebrón admits it did not pay all the invoices sent by Tyco, any amount awarded to Lebrón for the damages caused by Tyco, as claimed in the Amended Counterclaim, has to be set off with the amounts owed for the materials supplied which are pending payment as claimed in the Complaint.[4]

As such, Lebrón submits that, until such time as the amounts of the original complaint filed by Tyco against Lebrón, and in the Amended Counterclaim filed by Lebrón against Tyco

---

[4] Set-off is employed when parties have reciprocal or mutual obligations to one another. Right to setoff allows parties that owe mutual debt to each other to assert amounts owed, subtract one from the other, and pay only the balance.

are judged and quantified, no summary judgment may be entered as requested by Tyco. *Lebrón's Uncontested ¶3; Docket No.27, Amended Counterclaim.*

**LEGAL ANALYSIS**

Insofar as the allegations of the complaint and the evidence available to Tyco in regards to the amount owed for the materials ordered, received, installed and not payed by Lebrón, there is little controversy the amount due and outstanding, which Lebrón acknowledged not having paid awaiting for a set-off of damages under its Amended Counterclaim. The Amended Motion for Summary Judgment has shown a claim for $270,428.65 or a lesser amount of $239,975.54, in a previous motion for summary judgment which was substituted by the one discussed by the parties herein and thus not relevant. Lebrón's arguments that it owes solely $ 159,079.80, is merely speculative, not supported by any evidence to establish there is a genuine factual dispute.

Likewise, Lebrón attempts to argue a controversy of fact as to the 1% interest monthly for late payment as to the invoices. For this purpose, Lebrón submits Exhibit V and a statement by its officer that in a document received by Lebrón there was an annotation already stating "not applicable". Lebrón cannot identify who and under what authority the annotation referred to and that it construes as a waiver of the 1% late interest fee appears in the document. Such inadmissible evidence cannot establish a controversy of facts in regards to the issue that Lebrón does not owe the 1% interest late fee on the unpaid invoices for it was waived by Tyco, which Lebrón had already admitted as part of the

parties' contract conditions. A mere theory as to a waiver may not establish a claim nor may defeat summary adjudication on this issue.

Thus, mere allegations or denials in Lebrón's pleadings, in the absence of any affidavits or otherwise admissible evidence to support the allegation or denial of the amount submitted by Tyco, are insufficient to defeat summary disposition. Fed.R.Civ.P. 56(e) (an opposing party may not rest upon mere allegations or denials, but must respond by affidavits or as otherwise provided, setting forth specific facts showing that there is a genuine material fact issue for trial) . Fajardo Shopping Center, S.E. v. Sun Alliance Ins. Co. of Puerto Rico, 167 F.3d 1 (1st Cir. 1999) (neither unsupported speculation nor brash conjecture coupled with earnest hope that something concrete will materialize is sufficient to block summary judgment).

Therefore, upon lack of a genuine dispute of facts as to the amount and fees still owed to Tyco, Lebrón's opposition to partial summary judgment lacks merit.

On the other hand, Lebrón claims its Amended Counterclaim should be sufficient to defeat summary judgment for Tyco because there is a controversy as to a claim for damages therein regarding the delay in delivery of the materials. The Amended Counterclaim is a distinct and separate cause of action that Lebrón would need to establish prior to being entitled to a setoff of any amount it owes to Tyco. Lebrón will have its day in court as to these claims.

The opportunity of a party to present evidence on damages after winning partial summary judgment on liability is a right so fundamental in civil proceedings that it

normally goes without saying. *See* In re Vázquez Laboy, ___ F.3d ____, 2011 WL 2119316 (1st Cir. 2011); Donahue v. United States, 634 F.3d 615, 622 (1st Cir. 2011).

It becomes evident the parties herein, Tyco and Lebrón, have submitted no genuine issues of material facts in controversy regarding the existence of a contract between the parties and, thus, liability thereunder. There is no controversy either that delivery of the materials ordered was made, regardless if their claimed delay is cause for the damages in Lebrón's Amended Counterclaim. There is no controversy either the materials were received and installed. Neither is there a controversy as to the fact that no payment was made on the invoices claimed by Tyco's complaint, except for a minute dispute as to the accuracy of the amount previous to the summary judgment, but clearly indicated in the Amended Motion for Summary Judgment and uncontested by Lebrón. No controversy exists either as to the provision allowing for a 1% interest applicable for delay in payment of invoices by Lebrón, although Lebrón considers it was subsequently waived. As such, liability for the contract and payment due for the merchandise delivered and received has been duly established as claimed by Tyco's Complaint. Thus, the parties' contentions against summary adjudication of Tyco's original complaint rest solely in a resulting mathematical determination of the amount of the invoices owed and a legal determination whether the 1% interest for late payment –which has also been accepted upon payment still being due– was or not waived.

Under above premises, partial summary judgment may be granted not only as to liability upon absence of any genuine issue of fact in controversy that would preclude summary disposition, but also as to the amount claimed by plaintiff Tyco in its complaint against Lebrón, including the 1% late fee, that Lebrón has not contested.

In regards to the Amended Counterclaim pending, it may entitle defendant Lebrón to some amount of recovery being related to the same cause of action filed by Tyco. Said Amended Counterclaim may preclude, on mathematical calculation of damages claimed therein, which could diminish plaintiff's final recovery, but only once Lebrón prevails on the merits of its allegations and damages. A final determination of the amounts will be subjected to documentary/testimonial evidence presented by the parties in regards to the Amended Counterclaim, and upon establishment of damages alleged by Lebrón, then and only then a setoff may be deemed appropriate.

## CONCLUSION

In view of the foregoing, Plaintiff's Motion for Summary Judgment is **GRANTED**. (Docket No. 141).[5]

In San Juan, Puerto Rico, this 12th day of July of 2011.

                               s/**CAMILLE L. VÉLEZ-RIVE**
                               **CAMILLE L. VÉLEZ-RIVE**
                               **UNITED STATES MAGISTRATE JUDGE**

---

[5] No partial judgment will be entered, however, until the conclusion of proceedings and all causes of action are finally adjudicated in this action.